# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SAMANTHA SELLERS | § | |
| | § | |
| v. | § | Case No. 2:12-CV-293-RSP |
| | § | |
| WOOD COUNTY, TEXAS, et al. | § | |

## MEMORANDUM RULING

Currently before the Court is Defendants' Motion for Summary Judgment (Dkt. No. 63) filed on November 1, 2013. In the motion, the individual defendants, Wansley, Criddle and Blaylock, seek summary judgment on the grounds of qualified immunity, and Wood County seeks summary judgment on the merits. All parties agree that Plaintiff was discharged from her position as a Wood County deputy sheriff after she had made complaints to superiors about the conduct of fellow deputies and after she had filed a complaint of discrimination with the EEOC.

Plaintiff asserts two related claims against these defendants: first, that her termination violated the Due Process guarantee because it involved false defamatory allegations and did not afford her an opportunity to clear her name; and second, that her termination violated the Texas Government Code's "Whistleblowers Act." Defendants contend that the allegations underlying her termination were neither false nor stigmatizing, that Plaintiff employed the wrong procedure in requesting a name-clearing hearing, that she did not make her "whistleblowing" report to the right official, and that Plaintiff would have been discharged regardless of any whistleblowing activity. Unfortunately for Defendants, each of these contentions involves highly contested issues of fact. Plaintiff has summary judgment evidence from which a reasonable juror could infer that Defendants purposefully released false information suggesting that she was under a criminal investigation, and that this information may have harmed her subsequent law enforcement career. The parties also dispute whether the manner in which Plaintiff requested a

hearing was acceptable under Wood County procedures and whether the officials to whom Plaintiff made her complaints (the County Judge and the District Attorney) are appropriate law enforcement officials of the county. Whether Plaintiff would have been discharged regardless of her complaints is entirely a matter of the credibility the jury affords different witnesses.

The Court has carefully reviewed the briefs and the evidentiary attachments and must conclude that Defendants have failed to show that they are entitled to judgment under the few undisputed facts evident in this record. Accordingly, the Defendants' Motion for Summary Judgment (Dkt. No. 63) is DENIED.

**SIGNED this 14th day of December, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE