# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SAMANTHA SELLERS | § | |
| | § | |
| v. | § | Case No. 2:12-CV-293-RSP |
| | § | |
| WOOD COUNTY, TEXAS, et al. | § | |

## ORDER

In what will have to go down as one of the most audacious motions ever presented, Defendants have filed "Defendants Wood County, Bill Wansley, Wes Criddle and Jerry Blaylock's Motion to Stay Proceedings Pending Resolution of Appeal" on December 13, 2013 (Dkt. No. 119). Defendants seek a stay of this case, at 9:28 p.m. on the Friday night before the Monday jury selection, based on "the Court's refusal to rule" on their motion for summary judgment asserting qualified immunity. That motion, which was not filed until the last day permitted for dispositive motions, was not fully briefed until December 6, 2013, three days before the Pretrial Conference, and all of one week before the "Notice of Interlocutory Appeal" was filed.

This case was filed on May 15, 2012, and served on Defendants the following week. A notice issued in August 2012 setting the scheduling conference and a Docket Control Order setting the trial was issued in October 2012. Defendants waited until November 1, 2013, a year and a half after service of the suit, to file any motion asserting qualified immunity, and now contend that this Court has "refused to rule" on their motion because a ruling did not issue within one week of the close of briefing.

The Court also notes that it conducted two lengthy pretrial conferences with counsel in this case last week and never heard mention of the desire to file an interlocutory appeal regarding the yet-to-be ruled upon motion.

This case involves a claim of retaliatory discharge of a deputy of the Wood County Sheriff for reporting improper conduct by other deputies and filing a charge of employment discrimination. As recently pointed out in a related context, "it has been well established that retaliation against an employee for engaging in protected [activity] is an objectively unreasonable violation of that employee's clearly established constitutional rights" rendering a stay pending appeal inappropriate. *Juarez v. Brownsville Independent School Dist.,* 2010 WL 2817073 (S.D.Tex., 2010). As pointed out in *Juarez*, an interlocutory appeal is only available as to conclusions of law, not the determination that the underlying material facts are in dispute.

As the Defendants have not shown that they seek to appeal the legal conclusions of the Court, they have not shown that interlocutory review is appropriate and the motion to stay (Dkt. No. 119) is DENIED.

**SIGNED this 14th day of December, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE