IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SAMANTHA SELLERS, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 2:12-CV-293- RSP | |
| ) | | |
| WOOD COUNTY, TEXAS; ) | | |
| BILL WANSLEY, Individually; ) | | |
| WES CRIDDLE, Individually; and ) | | |
| JERRY BLAYLOCK, Individually, ) | | |
|     Defendants, | | |

**PLAINTIFF'S MOTION TO AWARD ATTORNEY'S FEES
(OPPOSED)**

Exhibit 2

Affidavit of Michelle Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| SAMANTHA SELLERS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO: 2:12-cv-293-RSP |
| WOOD COUNTY, TEXAS; BILL WANSLEY, Individually; WES CRIDDLE, Individually; and JERRY BLAYLOCK, Individually, | ) ) ) ) ) ) | JURY TRIAL REQUESTED |
| Defendants. | ) | |

## AFFIDAVIT OF MICHELLE JONES

THE STATE OF TEXAS       >

COUNTY OF GREGG       >

BEFORE ME, the undersigned authority, on this day personally appeared Michelle M. Jones, known to me to be the person whose name is subscribed hereto below, who after being duly sworn and put upon oath deposed and said as follows:

1) My name is Michelle Jones. I am above the age of 18 years, have never been convicted of any crime, and am competent to testify to the facts stated in this affidavit. I reside in Longview, Gregg County, Texas.

2) I am an attorney at law, and have been admitted to the State Bar of Texas since 1989. I have been board certified in labor and employment law since 1995. I practice in both state and federal courts. I am admitted to practice in the United States District Courts for the Eastern, Western, Southern and Northern Districts of Texas, and the Fifth Circuit Court of Appeals.

3) I am familiar with the hourly rate charged in the Eastern District of Texas by attorneys in federal court litigation. The reasonable hourly rate for attorneys practicing in the federal court depends on the nature of the case, the experience and qualifications of counsel, the locale where the District Court hears cases, as well as other factors. This case involved complex civil rights issues. I have handled many similar cases, and tried similar cases to verdict and through appeal.

4) I believe that the lodestar formula set forth by the federal courts is appropriate in this case, using the applicable factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and other applicable cases, and base the facts averred in this affidavit on those factors. The lodestar is the number of hours reasonably expended on the litigation multiplied by the customary hourly rates generally prevailing in the relevant community for similar services rendered by similarly qualified attorneys.

5) I have carefully examined the itemized attorneys' fees statement of Jarom Tefteller and Clayton Tefteller, who are attorneys at Tefteller Law, PLLC. I have also reviewed the statement of Douglas Burks, paralegal at Tefteller Law, PLLC. In my opinion, the sum of $300.00 per hour is a reasonable hourly rate for Jarom Tefteller for this case, the sum of $150.00 per hour is a reasonable hourly rate for Clayton Tefteller for this case, and the sum of $110.00 per hour is a reasonable hourly rate for an assistant such as Douglas Burks in this case. I have also examined the number of hours each attorney has billed in connection with the Sellers matter. While I am not intimately familiar with this case in that I did not act as counsel for any party, I am familiar with it on a peripheral basis, and have been apprised by the attorneys of many of the issues in this case, the results sought, and the results obtained. I have been advised that the Plaintiff's attorneys eliminated time which, in their judgment, was excessive and/or duplicative, or time applied to causes of action under which Plaintiff did not prevail, or which were not inextricably intertwined with Plaintiff's civil rights claims. In my opinion the amount of hours expended by the attorneys was reasonable and necessary to try such a case through a conclusion to a jury. I, therefore, feel both the hourly rates charged and the amount of hours expended were reasonable and necessary, for the prosecution of this civil rights case in the Marshall Division of the United States District Court of the Eastern District of Texas, and constitute the lodestar.

6) The lodestar amount may be adjusted upward or downward to account for the result obtained, contingency delay, receipt of payment, desirability of the case, or other *Johnson* factors suggesting adjustment of the lodestar fee. Based on these factors, the Court should consider adjusting the lodestar upward. This case involved infringement of basic constitutional and civil rights by a governmental entity, which are important rights. In this case, those rights could only be obtained through extended litigation. The results achieved were those sought, in that Ms. Sellers received her backpay, and the jury findings will help restore her reputation. These findings will be key in helping her find and maintain employment in the future. The case was taken on a contingency basis, and counsel have received no payment for their considerable work and investment in this case. The case was also undesirable to many attorneys, due to the complex nature of the case, the uncertainty of payment, and the preclusion of more lucrative work due to the resources demanded to obtain success in this case. It is very difficult in this federal district for a plaintiff to obtain counsel with the resources, experience, and willingness to help them prosecute a civil rights case of this nature. An upward adjustment can help ensure that counsel remain available to serve plaintiffs in civil rights in this district.

7) I am not employed by counsel for either the plaintiff or defense. Further, I have no interest in the outcome of this case.

FURTHER AFFIANT SAYETH NOT.

SIGNED this 3rd day of January, 2014.

_____
Michelle Jones

SUBSCRIBED AND SWORN TO before me by Michelle Jones on this the 3rd day of January, 2014, to certify which witness my hand and official seal of office.



_____
NOTARY PUBLIC, State of Texas

My commission expires: 11-25-17