IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SAMANTHA SELLERS | § | |
| | § | |
| v. | § | Case No. 2:12-CV-293-RSP |
| | § | |
| WOOD COUNTY, TEXAS, et al. | § | |

## MEMORANDUM RULING

Currently before the Court are various post-trial motions:

(1) <u>Motion for Judgment as a Matter of Law, and in the Alternative, Motion for New Trial</u> (Dkt. Nos. 147 and 148): The jury in this matter unanimously found that the plaintiff had failed to prove her claims against the three individual defendants, and that they were entitled to qualified immunity. The jury went on to find that plaintiff did prove both her §1983 claim and her Texas Whistleblowers Act claim against her former employer, Wood County. Wood County now moves to set aside the verdict against it on the ground of insufficiency of evidence. The Court must draw all reasonable inferences from the evidence in the manner most favorable to the plaintiff, setting aside credibility determinations reserved to the jury, and can only overturn the verdict if no reasonable juror could have reached that result.

There is sufficient evidence in the record from which the jury could have reasonably concluded that Wood County stigmatized the plaintiff by publishing the false statement that she was under a criminal investigation by the Texas Rangers, and that plaintiff was damaged in her efforts to secure further worthy employment. The evidence further supports the jury's finding that the statement was published to other agencies and that plaintiff was not afforded a meaningful hearing despite her request through her attorney. Finally, there was evidence from

which the jury could reasonably conclude that the Sheriff, as the final policymaking authority for the County in this matter, personally participated in and approved the actions at issue.

There is also sufficient evidence supporting the Texas Whistleblowers Act claim by showing that plaintiff made a report to the County Judge and District Attorney regarding unlawful retaliation for the filing of her EEOC complaint, and that she was subjected to further retaliation for making that report.

Accordingly, the Motion for Judgment as a Matter of Law, and in the Alternative, Motion for New Trial (Dkt. Nos. 147 and 148) is DENIED.


(2)  Plaintiff's Motion to Award Attorney's Fees (Dkt. No. 136):  The Plaintiff is clearly the prevailing party in this matter, even though she succeeded only on her claims against her employer, Wood County, and not against her supervisors individually because the jury found that they were entitled to qualified immunity.  She is thus entitled to an award of reasonable attorney's fees under 42 U.S.C. §1988.  The parties agree that she is not entitled to an award of fees under the Texas Whistleblowers Act.  Thus, the Court will take into account that hours devoted exclusively to the Texas claims or to the federal claims against the supervisors should not be included in the award.  The Court does not apply any such reduction mechanically and rejects the Defendants' invitation to simply apply a 75% reduction due to the finding that the supervisors were immune.

Defendants do state well the general law applicable to fee awards under §1988, applying the well known test set forth in *Johnson v. Georgia Highway Express*, *Inc.*, 488 F.2d 714 (5th Cir. 1974) and its twelve factors.  The Court finds that the most important factors in this case are the time and labor involved, and the customary hourly rate.  Based on the experience reflected in

the filings, and the Court's knowledge of the case and the rates in this locality and practice area, the Court finds that $230 per hour is a reasonable hourly rate for Jarom Tefteller and $140 per hour is a reasonable hourly rate for Clayton Tefteller for the representation provided in this matter. While Douglas Burks is well qualified, the services for which his time has been submitted are subsumed in the overhead of the law firm, and covered by the fees awarded to counsel.

The Court finds that the 125.75 hours claimed by Jarom Tefteller are, subject to the adjustments discussed below, appropriate. However, the Court does not find that the method employed to represent the hours claimed by Clayton Tefteller is appropriate, as it rests far too heavily on a reconstruction attributing fairly arbitrary time blocks to different activities, in minimum increments of .25 hour. Accordingly, those hours will be reduced from 602.25 to 400 hours. Thus, the initial lodestar amounts in this case are $28,922.25 for Jarom Tefteller and $56,000 for Clayton Tefteller. The Court must also consider that there is some duplication inherent in having two lawyers represent a single plaintiff. This case was not so complex as to require more than one. However, a review of the affidavits persuades the Court that the duplication, as well as any time devoted solely to the claims upon which Plaintiff did not prevail, is adequately addressed by a 10% reduction in the overall fees. That leads to a fee award of $76,430.25. The Court is aware that this award is several times the damages awarded by the jury. However, the award is consistent with the purposes of §1988 and is necessary to vindicate the important public purpose behind the Civil Rights Act. The expenses sought in the motion will be addressed below in connection with the Plaintiff's Motion for Taxation of Costs.

Accordingly, Plaintiff's Motion to Award Attorney's Fees (Dkt. No. 136), is **GRANTE**D and Plaintiff is awarded fees in the amount of **$76,430.25** against Defendant Wood County, Texas.

(3) <u>Plaintiff's Motion For Taxation Of Costs Against Defendant Wood County, Texas</u> (Dkt. No. 137):  Plaintiff seeks taxation of $33,268.51 in costs.  Defendant filed no separate opposition to the Motion, but did address the issue very briefly in its opposition to the Motion to Award Attorney's Fees.  On its independent review of the Bill of Costs, the Court finds that the only objectionable claim is that regarding the costs of private process servers, which is shown to total $6,630.58.  Accordingly, the Plaintiff's Motion For Taxation Of Costs Against Defendant Wood County, Texas (Dkt. No. 137) is **GRANTED** and the sum of **$26,637.93** is taxed as costs against Defendant Wood County, Texas.

(4) <u>Defendants Bill Wansley, Wes Criddle and Jerry Blaylock's Motion For Attorneys' Fees and Costs </u>(Dkt. No. 140):  The individual defendants were found by the jury to be entitled to qualified immunity and thus not liable for damages.  They now move for an award of fees under §1988.  As Defendants acknowledge, unlike a prevailing plaintiff, a prevailing defendant in a civil rights case can only recover attorney's fees if the Court finds that the plaintiff's case against it was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).  The Court has found that such is not the case.  The fact that the jury decided the factual questions underlying the qualified immunity defense in favor of the individual defendants does not mean that the claims were frivolous.  Accordingly, the

Defendants Bill Wansley, Wes Criddle and Jerry Blaylock's Motion For Attorneys' Fees and Costs (Dkt. No. 140) is **DENIED.**

(5)  Bill of Costs (Dkt. No. 139):  Defendants Wansley, Criddle and Blaylock filed a Bill of Costs seeking what appear to be all of the taxable costs of the defendants, including Wood County, Texas.  In view of the failure to establish that any of their costs were not incurred on behalf of Wood County as well as the individual defendants, the motion is **DENIED.**

**SIGNED this 27th day of September, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE